[558] THE PEOPLE, *ex rel.* PHELPS, *vs.* DELAWARE COMMON PLEAS.

A justice of the peace, after having entered in his docket the amount for which he has rendered judgment against a defendant, and after having informed the parties, has no power to alter the sum by *reducing the amount*, although he subsequently discovers that in *adding up* the several items which he considered the plaintiff entitled to recover, he had made a mistake by putting down the *sum total* at ten dollars more than ought to have been done.

Such an error may be corrected in a court of record on motion; but not in a justice's court.

THE relator, *Phelps*, sued *George Ingalsbe* before a justice, and at the close of the trial and while the parties were present, the justice made up, *entered in his docket*, and declared a judgment for the plaintiff for $46.98 damages besides costs. The plaintiff applied for an execution, and the defendant gave a bond to stay execution, reciting the judgment as above. The justice also gave the defendants' counsel a written statement of the amount of the judgment, as above. This was done at the public house where the trial was had. The justice, after he got home, as appears by his return, discovered, that in adding up the demands which he intended to allow the plaintiff, he had made a mistake of ten dollars, and entered the judgment for $46.98 damages, when it should have been $36.98. He then altered his docket so as to make it a judgment for $36.98 damages, and the next morning informed the plaintiff of the alteration, who said he would inform the defendant of the fact. The defendant swears that he did not know of the alteration until after he had prepared papers for an appeal. On appeal by the defendant to the common pleas, the plaintiff had a verdict for $34.48 ; and that court, regarding the justice's judgment as being for $46.98, allowed the defendant costs of the appeal, on the ground that the recovery had been reduced more than $10, pursuant to 2 *R. S.* 263, § 218, *sub.* 1.

A motion was now made on the part of the relator for a peremptory mandamus to the common pleas to vacate their order allowing costs to In-[559] galsbe, on the ground that the justice's judgment was in fact for only $36.98 damages ; which was opposed.

*By the Court,* BRONSON, J. There is no ground in this case for imputing a bad motive to the justice. He discovered that he had committed an error, not in the principle upon which the judgment was rendered, but in calculating the amount of the different items of the plaintiff's demand which he intended to allow. He no doubt thought it proper to correct the error. But the question here does not turn upon that point. The judgment was perfect and complete before the parties separated : all the powers of the justice in relation to the trial and adjudication of that matter were at an end ; and he had no more authority to alter the docket than the officer who served the process. If the justice could reduce the amount of the judgment, he could also increase it ; and if he could do either the one or the other, he could reverse the judgment altogether. If the amount of the recovery could be altered one hour after the trial was ended and the parties had separated, the same thing might be done the next day or the next week. Although, on the first view, it may seem reasonable to allow such a correction as was made in this case, I think it would be a most dangerous doctrine to say that a justice can review his own judgments, for any cause, or under any circumstances whatever. The reason is about as cogent for the exercise of such a power, where the justice becomes perfectly satisfied that he mistook *the law* of the case, as it is when he finds an error in calculating the amount. But it is enough that the power of the justice over the matter in controversy between the parties was entirely at an end, for every purpose except that of carrying the judgment into execution. What he did after leaving the place of trial, was extra-judicial, and void.

It is said that the justice in his return to the common pleas, stated the damages recovered at $36.98, and that the return was conclusive. But the justice returned all the facts ; and, among others, that he entered the judgment for

$46.98 damages, and afterwards reduced it to $36.98. The court be- [560] low decided properly that the first was the only judgment; and the recovery having been reduced more than ten dollars, the defendant was entitled to costs.

If such an error as happened before the justice had occurred in a court of record, it might have been corrected on motion; but it would not be done without notice to the parties. A justice of the peace, for the purpose of *hearing, trying,* and *determining* all actions of which he has jurisdiction, where no special provision is otherwise made by law, has all the necessary powers which are possessed by courts of record, (2 *R. S.* 225, § 1;) but this does not extend to the amendment or alteration of a judgment after it has been perfected. That could not be done, even if the parties were present, without their consent. (*The People* v. *Lynde,* 8 *Cowen,* 133.)                    Motion denied.