Sherman v. Sherman.

---

Same Term. *Before the same Justices.*

## SHERMAN *vs.* SHERMAN and others.

A testator, whose will took effect since the revised statutes went into operation, devised to his son H. all his real estate in the town of C., in fee, " provided that if said H. shall die without child or children, then it is my will that the real estate hereby devised shall be divided equally among my grandchildren, share and share alike;" *Held*, that the limitation over to the grandchildren was good by way of executory devise; and that on the death of H. without leaving any child or children, the grandchildren took the real estate by virtue of such executory devise.

THIS was an action of ejectment to recover an undivided portion of certain premises situate in the town of Cambridge. The defendants pleaded the general issue. The cause was tried at the Washington circuit, in June, 1847, and the jury found a verdict for the plaintiff. The defendants, upon a bill

of exceptions, now moved for a new trial. The facts are stated sufficiently in the opinion of the court.

*C. R. Ingalls,* for the plaintiff.

*N. B. Milliman,* for the defendants.

*By the Court,* WILLARD, J. This case turns upon the construction of the last will and testament of Shubal Sherman. The will was made in 1824. The testator devised the premises in question to his son Humphrey M. Sherman, in fee, with a limitation over. The devise is in these words: " First, I give and bequeath unto my son, Humphrey M. Sherman, all the real estate of which I may die seised, lying and being in the town of Cambridge, to have and to hold, to him and his heirs, forever. Provided, that if said Humphrey M. shall die without child or children, then it is my said will that the real estate hereby devised shall be divided equally among my grandchildren, share and share alike." It was admitted that the testator, Shubal Sherman, died in possession of the premises in question, in 1831, leaving thirty-seven grandchildren, of whom the plaintiff is one ; that Humphrey M. Sherman entered on the death of his father, and occupied the premises under his will, paying legacies, &c. until his death in 1846 ; that he died without child or children ; that previous to his death, he made and published his last will and testament, devising the premises in question to the defendants, in fee simple.

If Humphrey M. Sherman took, under the will of his father, a fee simple absolute, the defendants are entitled to hold under his will ; but if the limitation over to the grandchildren, *on the proviso that the said Humphrey M. should die without child or children,* was a good limitation over by way of executory devise, then the plaintiff was clearly entitled to recover. The judge at the circuit so ruled, and the sole question raised by this bill of exceptions is, as to the correctness of that opinion.

Although the will of Shubal Sherman was made in 1824, yet as the testator survived till 1831, the devise in question is

Sherman *v.* Sherman.

controlled by the revised statutes. A will is of no force till the death of the testator, and must be governed by the law existing at that time. (*De Peyster* v. *Clendining*, 8 *Paige*, 295. *Bishop* v. *Bishop*, 4 *Hill*, 138. 18 *Wend.* 294, *per Cowen, J.* 2 *R. S.* 726, § 41.)

By the statute, (2 *R. S.* 724, § 24,) a fee may be limited on a fee, upon a contingency which, if it should occur, must happen within the period prescribed in that article. And by the twenty-second section of the same article, it is provided that where a remainder shall be limited to take effect on the death of any person without heirs, or heirs of his body, or without issue, the words "heirs" or "issue" shall be construed to mean heirs or issue, living at the death of the person named as ancestor. If the term "child" or "children," in the will of Shubal Sherman, should be construed to mean the same as "heirs" or "issue," still by force of the statute, the limitation over is good by way of executory devise.

But it is believed, that independently of the revised statutes, the limitation over was valid. The words "child" or "children," designate descendants of the first degree, and in this will they must be taken to mean children living at the death of the devisee, Humphrey M. Sherman. (*Hughes* v. *Sayer*, 1 *Peere Williams*, 534. *Mowatt* v. *Carow*, 7 *Paige*, 328, 332, *per McCoun, V. C.* 4 *Ves. jun.* 692. *Fosdick* v. *Cornell*, 1 *John. Rep.* 440. *Jackson* v. *Staats*, 11 *Id.* 337. *Anderson* v. *Jackson*, 16 *Id.* 382. *Wilkes* v. *Lion*, 2 *Cowen*, 334.) The words "child" or "children," have not the technical force of the word issue in a limitation over; and generally refer to the time of the death of the devisee. (*Morgan* v. *Morgan*, 5 *Day's Rep.* 517.) They most clearly do so, in the present case. Consequently the limitation over was good as an executory devise.

The decision at the circuit was right, and the motion on the part of the defendant, for a new trial, must be denied.