HEARD APRIL TERM, 1875.

JOHNSON *vs.* HARRELSON.

Devise and bequest of real and personal property to A for life, with remainder to her issue surviving her: but if she should die without issue surviving her, then over. A died in the lifetime of the testator, without issue: *Held*, That there was no lapse, and that the limitation over took effect.

BEFORE TOWNSEND, J., AT MARION, JULY, 1873.

This was a bill in equity, filed in 1869 by A. P. Johnson and wife and others against John E. Harrelson, executor of Hugh H. Harrelson, deceased, and others, for partition of the real estate left by the testator and for account.

The testator died in June or July, 1866, leaving some real and personal property, and also leaving a last will and testament, bearing date October 9th, 1860, and containing the following clause amongst others:

"I give, devise and bequeath five portions of the residue of my real estate, consisting of the lands on which I now live, the whole tract, including the devise to my wife, containing       ; and is bounded North by          ; East by.            ; South by             ; and West by             ; and the balance of my negroes, viz., Jim, Calvin, Sarah and children, and such others as may be belonging to me at the time of my death; and personal property of every description whatsoever, not hereinbefore bequeathed, unto my sons respectively, John E. Harrelson, Hugh G. Harrelson, David J. Harrelson and George W. Harrelson, and my grandsons, Samuel H. Jordan and David F. Jordan, together receiving one share, and their heirs and assigns. And the five remaining portions I devise, give and bequeath unto my sons, John E. Harrelson, Hugh G. Harrelson, David J. Harrelson, or their survivors or survivor of them and their heirs, executors and administrators, upon this special trust and confidence that they shall stand seized and hold the said portions respectively of real and personal property to the sole and exclusive use of my five daughters, viz., Martha J. Adkinson, wife of William Adkinson, Elizabeth Adkinson, wife of James Adkinson, Prudence Collins, wife of Joel B. Collins, Celia Ann Harrelson and Theresa Ann Harrelson, for and during the term of their respective lives; and that they will pay the rents, income hire and profits of the portions of the property aforesaid, respectively, to the separate use of my daughters aforenamed; and from and immediately after the determination of their respective lives, then upon the trust that they will stand seized and hold the portions respectively aforesaid to the use of such child or children as my daughters shall leave surviving them respectively; the issue of a deceased child or children to represent the parents freed and discharged from all trusts. But in case either of my said daughters shall die without leaving issue surviving them, the portion or portions held in trust for such daughter or daughters shall be considered as my estate, and be divisible among my surviving children or their heirs; the property mentioned in this clause to be divided, as aforesaid, according to the manner and subject to the provisions as are hereinafter indicated and expressed."

VOL. VI—22

Theresa Ann Harrelson, one of the daughters named in the above clause, died shortly before the testator, unmarried and without issue, and the principal question in the case was whether the share of real and personal estate to which she would have been entitled under the above recited clause had she survived the testator, lapsed by her death in his lifetime or whether the limitation over took effect. His Honor held that it lapsed, and was subject to distribution among the heirs of the testator.

The parties who would be entitled if the limitation took effect appealed.

*Evans, McIver & Shaw*, for appellants.

*Sellers, Johnson & Johnson*, contra.

October 14, 1875.   The opinion of the Court was delivered by

MOSES, C. J.   Hugh R. Harrelson executed his last will and testament in October, 1860, and died in June or July, 1866. Concurring with the Circuit Judge in his conclusions on all of the exceptions taken by the appellant to the report of the Referee for the reasons which he has given in his judgment, save that which relates to the lapse of the share devised and bequeathed by the testator to his daughter Theresa Ann, it will only be necessary to refer to so much of his will as will afford a proper understanding of the question presented for decision, which must depend entirely on the operation of a single clause, the effect of which is not controlled by any other portion of it.

After certain devises and bequests to his wife, for life or widowhood, he directs a division of his property into ten parts, five of which he gives to certain of his sons, by name, " or the survivor or survivors of them, upon this special trust and confidence, that they shall stand seized and hold the said portions respectively of real and personal property to the sole and exclusive use of his five daughters, Martha J. Adkinson, wife of James Adkinson, Providence Collins, wife of Joel B. Collins, Celia Ann Harrelson and Theresa Ann Harrelson, for and during the term of their respective lives, and that they will pay the rents, income, hire and profits of the portions of the property aforesaid, respectively, to the separate use of his daughters aforenamed; and from and immediately after the determination of their respective lives, then upon the trust that

they will stand seized and hold the portions respectively aforesaid to the use of such child or children as his daughters shall leave surviving them respectively; the issue of a deceased child or children to represent the parents, freed and discharged from all trusts. But in case either of his said daughters shall die without leaving issue surviving them, the portion or portions held in trust for such daughter or daughters shall be considered as his estate and be devisible among his surviving children or their heirs." Provision is made by the same clause for the division of the shares conveyed by it; but its particular mode has no bearing on the question now submitted. The daughter Theresa Ann died in the lifetime of her father, unmarried. His Honor the Circuit Judge held that although the limitation over in the event of the death of Theresa Ann was not void for remoteness, yet, being contingent on an event, which did not happen, the death of the first taker during the life of the testator without issue prevented the remainder from taking effect, and the devise therefore lapsed. No authority is cited for this conclusion, save an incidental suggestion by Chancellor Dargan in delivering the opinion of the Court in *Leslie* vs. *Collier*, (3 Rich. Eq., 125,) "which," he himself said, "it was unnecessary to sustain by authority or illustration, as it was not immediately involved in the question which the Court deemed it incumbent upon it to decide." Whether the remainder is vested or contingent, if the event has happened on the occurrence of which it is to take effect, and there are those alive at the death of the testator who, by the words of the bequest, can be held to be the objects of the testator's bounty in substitution of the prior legatee, who may have died in his lifetime, they take the share of such legatee. The intention must be express, or satisfactorily implied from the language employed by the testator. Where the gift is absolute, and the object of it dies in the lifetime of the testator, it must necessarily fall into the residue of his estate, for there would be no one to claim it by substitution through a limitation over. It is, therefore, said by Mr. Ward, in his Treatise on Legacies, P: "It seems also settled, notwithstanding some former doubts, that where a person gives a legacy at a future time, and bequeaths it over to another on the death of the legatee before the time of payment, as in the case of a gift to A at twenty-one, and if he die before that age to B, the legacy will not lapse by the death of A under twenty-one, in the lifetime of the testator, but will vest in B as a new substantive and original devise

to him. But if A should attain twenty-one, and afterwards die in the testator's lifetime, the legacy will lapse."

The principle is fully sustained by the authorities to which he refers. Mr. Jarman, in his notes to Powell on Devisees, (2 vol., p. 202,) says: "It is clear that if property be given to a person with a limitation over, if he die under twenty-one, or any other event, and he die under the prescribed age, or such other event happens in the lifetime of the testator, the devisee or legatee over is entitled." The rule, too, is recognized by Mr. Hawkins in his work on Wills, p. 243.

The principle is fully carried out in *Mowatt* vs. *Corrow*, 7 Paige, 328. The testator there, after a devise of the whole income of his estate, real and personal, to his wife for life, directed his executors to sell and convert the whole of it into money, after making provision for the widow of a deceased son, in case she survived his own widow. He directed the remainder of his estate to be divided into four equal parts—one of which he gave to his son, John Mowatt, Jr.; but in case he died before his (testator's) wife, he gave "his said share to be divided equally amongst his *children, the survivor or survivors of them,* share and share alike." John died in the lifetime of his father, who was survived by his mother. It was claimed not only that the devise to John had lapsed by reason of his death in the lifetime of the testator, but in consequence of that result the devise over had failed. But the Court, recognizing the rule already referred to, held that the limitation over was good, and was not affected by the death of John leaving the testator still living. Walworth, C., delivering the judgment of the Court, said: "However much it may have been once doubted, it is now clearly settled that where an interest in property is given by will to one person with a limitation over of the same interest, either to his children or to any other persons, upon the death of the first devisee or legatee before the time appointed for such interest to vest in possession, the death of the first devisee or legatee, although in the lifetime of the testator, does not produce a lapse of the limitation over of that interest to the substituted objects of the testator's bounty."

Under the rule thus recognized, they who take over acquire their right not as representatives of the first taker but as purchasers claiming an express gift conferred by the will and not derived from the devisee, who would have taken for life if he had survived

the testator. Referring to the authorities upon which Chancellor
Walworth relied for this judgment in *Mowatt* vs. *Corrow,* he further
says:

"It was probably urged in those cases as in this, that there could
be no legacy unless the legatee survived the testator, and that the
legacy intended by the testator being lapsed, there was nothing to
go over to the substituted legatees. The short answer to that, how-
ever, is, that the bequest to the substituted legatees in such a case
is an original legacy to them at the death of the testator, the event
having then happened upon which their substitution in the place of
the first named legatee depended. And this is so, whether such
legacy to the substituted legatee is then vested or is contingent and
depending upon some future event."

In the case before us, the daughter Theresa Ann died in the life-
time of the testator unmarried, and in that event, by the words of
the will, her portion was to be considered as part of the estate "of
the testator and be divisible among his surviving children or their
heirs." Mr. Williams, in his work on Executions, (2d vol., 1039,)
treating of the rule which prevails generally where a devisee dies
in the lifetime of a testator, says: "But this general rule may be
controlled by the manifest intention of the testator, appearing on
the face of the will, that the legacy shall not lapse, and by his dis-
tinctly providing a substitute for the legatee dying in his lifetime."
The testator in the case here provides for the failure of the event on
which the interest of the daughter Theresa Ann was to vest in her
children, by requiring that "it shall be considered as his estate,"
and then making a disposition of it among his surviving children.
His intention, apparent from the terms of the devise, was that the
share originally given to Theresa Ann for life, and after her death
to her children, was subject to his final disposition in the event of
her dying without leaving issue surviving her.

The conclusion which we have reached on this part of the case is
sustained by that at which the Court arrives in *Mathis et al.* vs.
*Havausval,* 6 Rich. Eq., 121.

Nor can the judgment of the Circuit Judge find support in the
further ground on which he rests it, that, as the daughter Theresa
Ann, had she survived the testator, would have taken a fee condi-
tional, the remainder over would have been cut off and the limita-
tion, therefore, failed. What might have been the effect of such a
contingency it is not necessary to inquire, for in our view the estate

which she would have taken, had she survived the testator, was not a fee conditional. The word issue in the limitation over, even if it had not been qualified by a restriction to such issue as Theresa Ann might leave surviving her, must be held in the context where it is found as synonymous with child or children.

We have considered the clause under review without any reference to the distinction at common law between the effect of a lapse on real estate devised and personal property bequeathed by a will. The testator executed his will in 1860, and the Act of 1858 (12 Stat., 700; Gen. Stat., 440,) has removed the grounds of the distinction as to lapsed devises and legacies, and in a proper case it will be held to have abolished it.—*Cureton* vs. *Massey*, 6 Rich. Eq., 109.

It is ordered that so much of the judgment of the Circuit Court as holds that the share of the said Theresa Ann, under the will of her father, lapsed at her death into his estate be reversed. In all other respects it is affirmed. It is further ordered that the case be remanded to the said Court, that so much of the order of 26th November, 1873, as directs a partition may be so amended as to conform to the judgment of this Court according to the principles set forth in this opinion.

*Wright*, A. J., and *Willard*, A. J., concurred.