## N. Y. COMMON PLEAS.

JOHN H. ODELL, executor, &c., *et al.*, agt. CHRISTIANA·YOUNGS.

*Will — Trust in, which is void, by reason of the suspension of the power of alienation for more than two lives in being, is not cured by the death of the persons named, during testator's lifetime — Provision in will as to sale of dwelling-house, dependent upon the wife's consent, is made nugatory by her death.*

Where a trust attempted to be created in a will is void from suspending the absolute power of alienation for more than two lives in being, the fact that the persons named died during testator's lifetime does not cure the invalidity of the devise.

A power of sale given to executors, though its exercise as to a dwelling-house was made dependent by a succeeding paragraph upon the wife's consent, was valid, that provision having been made nugatory by her death.

*Equity Term, October,* 1882.

BEACH, *J.* — An examination of the will submitted to the court for construction leads to these conclusions :

. The trust attempted to be created is obviously void, from suspending the absolute power of alienation for the lives of the wife, son George and each of the other children. It is true the wife and son named died during testator's lifetime, but that did not cure the invalidity of the devise. The provision must be judged as created in the instrument, unaffected by facts subsequently arising. The testator clearly transgressed the statute against perpetuities, and demise of two of the lives during his life cannot avoid the penalty of transgressing (*Schettler* agt. *Smith*, 4 *N. Y. R.*, 328 ; *Van Nostrand* agt. *Moore*, 5β *id.*, 16 ; *Colton* agt. *Fox*, 67 *id.*, 348). These adjudications seem to overrule the contrary opinion expressed in *Lang* agt. *Ropke* (5 *Sand.*, 375) and *Griffin* agt. *Ford* (1 *Bosw.*, 123).

The ultimate disposition of the household furniture after

the death of the testator's wife was not made ineffective by her prior decease. The death of the first legatee, under such circumstances, will not work a lapse of the limitation over to the substituted objects of testator's bounty (*Mowatt* agt. *Carow*, 7 *Paige*, 328).

The power of sale given the executors in the fifth clause is, in my opinion, valid. Its exercise as to the dwelling-house, by a succeeding paragraph was made dependent upon the wife's consent. That provision, however, was made nugatory by her death, and the item of realty must be considered to fall within the general terms in which the power is before given.

In conclusion, from these views the five children each take one-sixth of the real and personal estate, and the children of William, each one-third of the remaining part, all subject to the power of sale in the executors.

·A decree may be submitted to conform with this opinion.