NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1884.

KIRK v. CASHMAN.

*In the matter of the estate of* CHARLES CASHMAN, *deceased.*

The word "children," in a testamentary paper, must be taken in its accustomed sense, and limited to offspring in the first degree, in the absence of indications that the testator intended to give it some other meaning.

Prowitt v. Rodman, 37 *N. Y.*, 42; Beebe v. Estabrook, 79 *id.*, 246—distinguished.

Testator, by his will, gave a share, in remainder, of his residuary estate, after the death or marriage of his widow, "to his sister M., if living, and if not living then to her children." At the widow's death, M. had died leaving, her surviving, sons and daughters and certain grandchildren—children of a son who had died before his mother. Upon the judicial settlement of the executor's account, the context furnishing no evidence favoring an exceptional construction,—

*Held*, that the surviving sons and daughters of M. took their parent's legacy in equal shares, to the exclusion of the children of their deceased brother.

CONSTRUCTION of decedent's will, upon judicial settlement of the account of Michael H. Cashman, surviving executor thereof.

GRAY & DAVENPORT, *for Mary Walsh and others.*

TOWNSEND WANDELL, *for executor.*

DUDLEY F. PHELPS, *special guardian*

THE SURROGATE.—By the will of this testator, who died in 1847, his residuary estate was given to his executors, to receive the income thereof, and pay the same to his wife while she should live and remain his widow. The will further provided that, upon her death or marriage, such estate should be converted into money, out of which should be paid to his brother Richard, if living, and if not living then to his children, in equal parts, the sum of one thousand dollars; to his sister, Mary Kirk, if living, and if not living then to her children, the sum of three thousand dollars; and a like sum to the children of his deceased brother James.

The testator's widow, who never remarried, recently died. His sister, Mary Kirk, died in 1864, leaving

her surviving five children and several remoter de-
scendants, the children and grandchildren of certain
of her own children whom she had survived. A
decree, settling the accounts of decedent's executor,
is about to be entered; and I am asked to decide
whether certain children of Thomas Kirk (a son of
Mary Kirk) are entitled to share in the second of the
above named legacies, Thomas Kirk, their father,
having died five years before the death of his mother,
the sister of the testator.

It is urged, in their behalf, that they fairly come
within the category of "children," as that word is
used by the testator. To this proposition I cannot
assent. The word "children," like any other word
in a testamentary paper, must be taken in its accus-
tomed sense, in the absence of indications that, when
the testator used it, he meant to give it some other
meaning. I find no such indications in the will now
before me, and, upon the authorities below cited, feel
bound to hold that the term "children" must here
receive its strict construction (Mowatt v. Carow,
7 *Paige*, 328; Sherman v. Sherman, 3 *Barb.*, 387;
Lawrence v. Hebbard, 1 *Bradf.*, 255; Hone v. Van
Schaick, 3 *N. Y.*, 540; Guernsey v. Guernsey, 36 *id.*,
272; Feit's Executors v. Vannatta, 21 *N. J. Eq.*, 84;
Magow v. Field, 48 *N. Y.*, 668; Palmer v. Horn, 84
*id.*, 516; Wylie v. Lockwood, 86 *id.*, 291).

A provision for children was held, in Prowitt v.
Rodman (37 *N. Y.*, 42), to include grandchildren and
great grandchildren, but in that case the will furnished
numerous and striking indications that such was the
intention of its maker.

Beebe v. Estabrook (79 *N. Y.*, 246) is cited, in support of the claim that the word "children" ought not to be limited to offspring in the first degree, but the decision in that case is not applicable to the case at bar. The broad signification was there made necessary by a due regard to the spirit and purpose of the statute of advancements.

The surviving sons and daughters of the testator's sister, Mary Kirk, are entitled to equal shares of the legacy in dispute. The decree may provide accordingly.