NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—April, 1886.

SAUTER *v.* MULLER.

*In the matter of the estate of* AGNES SAUTER, *deceased.*

Under a bequest to one for life, with remainder over, if the particular beneficiary die before testator, the remainder takes effect at the latter's death.

This rule applies, although the will gave trustees a discretion to devote the entire principal to the use of the life legatee.

CONSTRUCTION of decedent's will, upon judicial

settlement of account of Christian F. L. Müller, sole surviving executor thereof.

CHARLES MUEHLING, *for executor.*

S. ZELLER, *special guardian.*

THE SURROGATE.—The fourth article of the will of this testatrix is as follows:

" All the rest, residue and remainder of my property . . . . . I give and bequeath to my children, Anna, Maria, John, Agnes and Henry, in equal parts, share and share alike, in the following manner: One fifth to my daughter Anna absolutely forever; one fifth to my daughter Maria absolutely forever; one fifth to my son John absolutely forever; one fifth to my daughter Agnes absolutely forever. The remaining one fifth shall be deposited . . . . . in trust for my son Henry, who shall, during his natural life, receive the interest accruing on such deposit. Should it, however, in the judgment of my executors, at any time become necessary for the support of my son Henry to use more money than the accrued interest aforesaid, then in such case my said executors are hereby empowered to pay over any part or all of said principal to my son Henry. . . . . . Should, however, at the decease of son Henry, any part of the moneys so reserved for him be left over, then such remainder, after deducting his funeral expenses, shall be divided equally among my four children, or the survivors of them."

Henry Sauter died intestate in the lifetime of the testatrix, leaving him surviving no children or other descendants, but leaving two nephews, the children

of Louis, who died before the execution of this will. Are those nephews entitled to any portion of the one fifth of the residue of this estate in which their uncle Henry was interested in his lifetime ?

It is clear that, if the testatrix had made no provision for the disposition of that one fifth at Henry's death, the legacy, by reason of his dying in her lifetime would have lapsed, she would as to such one fifth have died intestate, and the children of her son Louis would have become entitled to share therein as her next of kin.   But such is not the posture of affairs.

"In the case of a legacy to a legatee for life with remainder to another legatee," says Mr. Williams in his treatise on the law of executors (vol. 2, p. 1219), " if the tenant for life dies before the testator, the remainder over takes effect upon the testator's death." This is a well settled doctrine (Mowatt v. Carow, 7 *Paige*, 328, 338 ; Taylor v. Wendel, 4 *Bradf.*, 324).

In the case at bar, there is no repugnance between the provision for Henry Sauter and the gift over, by reason of the fact that, in the exercise of their discretion, the executors would have had authority, in case Henry had survived his mother, to devote the entire principal of one fifth of the residue to his use (Fernbacher v. Fernbacher, *ante*, 227, and cases cited ; Terry v. Wiggins, 47 *N. Y.*, 512 ; Flanagan v. Flanagan, 8 *Abb. N. C..*, 413 ; Smith v. Van Ostrand, 64 *N. Y.*, 278 ; Thomas v. Pardee, 12 *Hun*, 151).

I hold, therefore, that the entire residuary estate of the testatrix is effectually disposed of by the will, and that the children of her son Louis have no interest therein.