HAINES, BY HIS NEXT FRIEND, SEELEY *v.* OATMAN.

Where an infant prosecutes by *prochein amy,* the *prochein amy* must be regularly appointed by the court; and if the suit is commenced by declaration, without such appointment, it will be dismissed on motion.

The proper practice in our courts, where an infant sues by *prochein amy,* indicated.

MOTION by the defendant to dismiss the suit, reserved from Oakland Circuit Court.

*Draper,* in support of the motion.

*Wisner & Hosmer,* contra.

WHIPPLE, J., delivered the opinion.   This is an action of ejectment.   Upon the return of the declaration served, a motion was made by the defendant to dismiss, on the ground that Seeley had no authority to prosecute as next friend of Haines, who is an infant.   Nothing appeared on the record of the court showing that any application was ever made for the appointment of a *prochein amy;* or that, in point of fact, any appointment was made.

An infant, not having the power to appoint an attorney, must sue by a *prochein amy.*   In order to constitute a *prochein amy,* the practice in England is, for the person intended as such to go with the infant before a judge at chambers; or present a petition, in behalf of the infant,

Haines *v.* Oatman.

stating the nature of the action, and praying that a *prochein amy* may be assigned to prosecute the action. If the proceeding is by petition, it should be accompanied by an agreement signifying the assent of the person whom it is intended should be admitted as such; evidence should also be adduced showing that the petition and agreement were duly signed. If the petition is granted, the judge grants his fiat, upon which a rule or order is drawn up with the clerk of the rules, in K. B. for the admission of the *prochein amy.* 2 Sell. Pr. 66.

Our statute leaves the mode of appointment of a *prochein amy* to prosecute, or a guardian to defend, as it exists at the common law. If this be true, it is clear that the proceedings adopted in this case were irregular. Before the service of the declaration, it is the duty of the person desirous of instituting a suit in behalf of the infant, either to bring the infant into court, or present a petition, setting forth the cause of action; upon which, the court will appoint such person as will be most likely to take care of the infant's interest, and who would be responsible for costs, in the event that judgment should be rendered against the infant.

It may be well to state what the practice should be in our courts. If it is proposed to commence the suit by issuing process, it ought to go out in the ordinary way; after its return, and before declaration is filed, application should be made to the *court*, in one of the modes indicated in the English practice, to allow a *prochein amy.* If the suit is intended to be commenced by declaration, the *prochein amy* must be appointed by the court, before the filing and service of the declaration. In either case, a copy of the order appointing a *prochein amy*, must be served on the opposite party, before the plaintiff will be entitled to a plea.

 *Ordered certified that the motion should be granted.*