In the Matter of the Judicial Settlement of the Accounts of DAVID PATON, as Trustee under the Last Will and Testament of JOHN KURST, Deceased.

K. died in 1863, leaving a will executed in 1858. His widow, who died later in the same year, and two sons survived him; a daughter mentioned in the will died before the testator. One of the sons was married at the time the will was made; he died before his mother, leaving two sons. By the ninth clause of his will the testator directed that after his wife's death, and his youngest child had arrived at the age of twenty-one years, his executor should sell all that then remained of his estate and divide the net proceeds " equally among the children I may then have or those who may be legally entitled thereto." The fourth clause provided that if the testator's widow marries, the estate is to " descend to the children we now have or may hereafter have, according to the laws of the state of New York." The eleventh clause provided that if either one of his " said children, or any person or persons who may succeed to the interest of them or either," shall contest the will; " such child or children, person or persons shall forfeit her, his or their share, and such share or shares shall be added to the shares of such child, children or persons as shall not interfere with the same, and to be equally divided among the persons last-named, share and share alike." *Held*, that the ninth clause, read together with the other clauses referred to, indicated the understanding of the testator to be that his sons and daughters might not be living at the time of distribution, and that the issue of a deceased son or daughter should share in the proceeds; that, therefore, the children of the testator's deceased son are comprehended in his scheme for the division; also, that, as they derived their right under the testator's will, and not through their deceased father, their mother would not be entitled to a share of the proceeds of the estate.

The word " children " is a flexible one, and in determining as to whether when used in a will, it was intended to be limited strictly to its primary meaning, or was intended to be used in its broader sense as issue, the context may be resorted to, and that meaning should be preferred, when the reason of the thing sustains it, which permits the children of a deceased child to inherit.

On settlement of the accounts of a testamentary trustee the claim of an administrator, with the will annexed, to commissions was rejected, and the question as to his right to commissions reserved until his accounting as administrator. *Held,* no error.

(Argued October 26, 1888; decided November 27, 1888.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 26, 1887, which modified a decree of the surrogate of the county of New York, upon settlement of the accounts of David Paton, as trustee, under the will of John Kurst, deceased, directing the entire surplus of the trust fund, involved in this proceeding, to be paid to John B. Kurst, by directing that one-half thereof should be paid to said John B. Kurst, and the other half should be divided equally between the two sons of his deceased brother Charles H. Kurst, and that the decree, as thus modified, should be affirmed.

The facts, so far as material, are stated in the opinion.

*Jesse K. Furlong* for John B. Kurst, appellant and respondent. In the construction of the ninth clause of this will, any parts of the will are to be construed in relation to each other, so, if possible, to form one consistent whole. (9 Mod. 154; 2 W. Bl. 976; 1 T. R. 630; 3 M. & Sel. 158; 1 Swanst. 28; 2 Atk. 172; 6 T. R. 314; 2 Taunt. 109; 18 Ves. 421; 6 Moore, 214.) Words occurring more than once in a will (as "children" in the will under examination), should be presumed to be used only in the same sense throughout the entire will. (*Palmer* v. *Horn,* 84 N. Y. 516; 2 Ch. Cas. 169; Doug. 268; 3 Drew. 472; *Livesay* v. *Walpole,* 23 W. R. 825.) Whether a general intent or a particular intent expressed in the will is to prevail must depend upon the context of the whole will. (*Mann* v. *Mann,* 14 Johns. 1; *Jackson* v. *Luquere,* 3 Cow. 221; *Arcularius* v. *Geisenhaimer,* 3 Bradf. 114; *Hunter* v. *Hunter,* 17 Barb. 25, 85; *Young* v. *Robertson,* 1 Macy H. L. C. 314, 325; *Jenkins* v. *Hughes,* 8 id. 571.) The construction of a will depends upon the intention of the

testator, to be ascertained from a full view of everything contained "within the four corners of the instrument." (*Hoxie* v. *Hoxie*, 7 Paige, 187, 192.)· The grandchildren, if they take at all, are not to take collectively more than their father would have taken had he survived the remarriage or death of his mother, Julia Ann Kurst. (*Vincent* v. *Newhouse*, 83 N. Y. 512.) The word "children" generally means immediate issue, not grandchildren. (*Palmer* v. *Horn*, 84 N. Y. 516; *Heard* v. *Horton*, 1 Denio, 165; *Magaw* v. *Field*, 48 N. Y. 668; *Mowatt* v. *Carow*, 7 Paige, 328; *Marsh* v. *Hague*, 1 Edw. 164; *Stires* v. *Van Rensselaer*, 2 Bradf. 172; *Chrystie* v. *Phyfe*, 19 N. Y. 344; *In re Hallett*, 8 Paige, 375; *Kirk* v. *Cushman*, 3 Dem. 242; *Taft* v. *Taft*, 3 id. 86.)

*Thomas Fenton Taylor* for David Paton, trustee, etc., et al. The burden is upon John B. Kurst to show not that the language of the will may be construed so as to disinherit the children of his deceased brother, but that the will, expressly or by necessary implication, does disinherit them. (*In re Brown*, 93 N. Y. 299; *Low* v. *Harmony*, 72 id. 408; · *Scott* v. *Guernsey*, 48 id. 106.) The language to divide "equally between" imports distribution between tenants in common. (*Delafield* v. *Shipman*, 103 N. Y. 468; *Ashling* v. *Knowles*, 3 Drewry 593; *Vinn* v. *Francis*, 2 Cox, 190; *Bain* v. *Lescher*, 11 Sim. 397; *Stevenson* v. *Leslie*, 70 N. Y. 516; *Murphy* v. *Harvey*, 4 Edw. 131; *Bunner* v. *Storm*, 1 Sandf. Ch. 357; *Seabury* v. *Brewer*, 53 Barb. 662; *Clark* v *Lynch*, 46 id. 82; *Everitt* v. *Carman*, 4 Redf. 341; *Myers* v. *Dudley*, 23 How. 410; *Collins* v. *Hoxie*, 9 Paige, 81; *Blosson* v. *Sidway*, 5 Redf. 389; *Lee* v. *Lee*, 39 Barb. 172; *Shiels* v. *Stark*, 14 Ga. 429; *Davenport* v. *Hanbury*, 3 Ves. Ch. 257; 1 Wash. on Real Prop. 553; *In re Verplanck*, 91 N. Y. 439.) Under a gift to descendants equally, issue of every degree are entitled *per capita*. (*Butler* v. *Stratton*, 3 Bro. C. C. 367; 3 Jarman on Wills, chap. 39, par. 2, 3; Id. 761; *Lincoln* v. *Pelham*, 10 Ves. 166.; *Leigh* v. *Norbury*, 13 id. 338.) The word "children" in this clause may be held to

include grandchildren. (*In re Brown*, 29 Hun, 412; 93 N. Y. 299; *Prowitt* v. *Rodman*, 37 id. 54; *Van Nostrand* v. *Moore*, 52 id. 12; *Betsinger* v. *Chapman*, 88 id. 493.) Even when the language of a will is ambiguous the courts will presume that a testator makes a will because he differs from the statute of descent and distribution of intestates' estates, and, in accordance with that presumption, such ambiguous language will be presumed to have a meaning which will not lead to the application of the estate in accordance with those statutes. (*Murdock* v. *Ward*, 67 N. Y. 387; *Luce* v. *Dunham*, 69 id. 36; *Keteltas* v. *Keteltas*, 72 id. 312; *Prowitt* v. *Rodman*, 37 id. 39.) The word "or" in the light of testator's intention, as shown by the whole will, and of the loose use of language made by the draughtsman is not used disjunctively to denote mutually exclusive alternatives, or co-ordinately, like a sign of equality, to denote indifferent alternatives or synonymous expressions. (*Horridge* v. *Furgeson*, Jac. 583; *Mande* v. *Mandes*, 22 Beav. 290; 1 Wash. on Real. Prop. 553; Style's Rep. 240; 2 Danv. 514, pl. 4; *Lowndes* v. *Stone*, 4 Ves. 649; *Marwood* v. *Darrell*, Lee, Cas. T. Hard, 91; *Scott* v. *Guernsey*, 60 Barb. 163; 48 N. Y. 108; *Low* v. *Harmony*, 72 id. 408; *In re Brown*, 93 id. 299.) This fund is the proceeds under a power of sale and must be distributed as prescribed by the will itself, or if the will fails to provide, the distribution is fixed by Revised Statutes (§ 98, chap. 1, tit. 2, part 2), and is not controlled by the statutes providing for distribution of surplus "where the deceased shall have died intestate." (*In re O'Connor*, 15 State Rep. 443.) In any event the grandchildren, Charles S. Kurst and George D. Kurst, are entitled to the share under this ninth article which their father would have taken if living. (*De Costa* v. *Maxwell*, 15 N. Y. State Rep. 283; *Warner* v. *Durant*, 76 N. Y. 136; *In re Brown*, 29 Hun, 412; *Wright* v. *Dugan*, 15 Abb. N. C. 107; *Stevenson* v. *Lesley*, 70 N. Y. 516.)

GRAY, J. The question presented by these appeals is as to the construction to be given to the language in the ninth clause

of the will of John Kurst. The will was made in 1858 and the testator died in 1863. His wife survived him and died later in the same year. At his death there were living two sons; a daughter, Julia, mentioned in the will, having died before testator at the age of nine years. One of the sons, Charles, was married when his father made this will, and he died before his mother, leaving two sons, parties and appellants in this proceeding. The claimants to the fund in the trustee's hands were John B. Kurst, who survived both of his parents, and the two grandsons of testator, sons of his deceased son Charles.

John B. Kurst contended that he alone was entitled to the whole of the fund, and the surrogate sustained him in that contention. The grandsons of testator claimed the right to share in the fund, either *per capita* or *per stirpes*, and the. General Term, reversing the surrogate, decided that they were entitled between them to one-half of the fund.

The ninth clause of the will reads as follows :

"*Ninth.* — I order and direct that after the decease of my said wife, and my youngest child shall arrive at the age of twenty-one years, my executor hereinafter named, or such person or persons as may then legally represent my said estate and the interests of my said children, shall dispose of all such property as may then remain of my said estate within eighteen months thereafter, either at public auction or at private sale, as such executor, person or persons may in his or their judgment deem most advantageous and beneficial to my children, and out of the proceeds thereof, after first deducting all necessary expenses, divide the same, together with all other property belonging to my estate, *equally among the children I may then have, or those who may be legally entitled thereto*, excepting, however, from the above disposition of my said estate all my silver spoons, one pianoforte, which I now have, and the portraits of myself, my wife, and my mother, which spoons, pianoforte and portraits I hereby give, devise and bequeath to our daughter, Julia Kurst, her heirs and assigns, forever."

The difficulty arises from the language of the will in this clause, which speaks of a division of the proceeds of the sale

of the estate " equally among the children I may then have, or those who may be legally entitled thereto." The will is evidently not drawn by a hand skilled in the requirements of such an important instrument; but enough appears from its reading to satisfy us that what the testator meant to accomplish was, such a distribution of his property, as that not merely his immediate issue should be benefited, but also the issue of any of his sons and daughters who may have died before his widow. Certainly no words or provisions can be found in the instrument which preclude the issue of a son or daughter from sharing in the testator's estate; if we can give to the word " children," as used, or as understood in the use of the word " those," in this clause, that more comprehensive sense, which will include issue however remote. As Judge STORY said, in the case of *Parkman* v. *Bowdoin* (1 Sumner, 368), where he reviews a number of authorities from an early date: " Although in its primary sense, the word ' children' is a *descriptio personarum* who are to take, there is not the slightest difficulty in giving it the other sense, when the structure of the devise requires it."

By reference to the fourth clause of the will, we find the provision that in the event of the marriage of testator's wife, his estate is to " descend to the children we now have, or may hereafter have, according to the laws of the state of New York, subject," etc. In the eleventh clause is contained a provision " that if either one of my said children, or any person or persons who may succeed to the interest of them, or either, shall in any way or manner interfere with the due and proper execution of any one of the provisions of this my last will * * * by commencing legal proceedings in relation thereto, such child or children, person or person, shall forfeit her, his or their share in my said estate, and such share or shares shall be added to the shares of such child, children or persons as shall not interfere with the same, and to be equally divided among the persons last-named, share and share alike."

We think that these provisions indicate the understanding of the testator that his sons and daughters might not be living

at the time of distribution, and that an intention is deducible that the issue of a deceased son or daughter should share in the proceeds of the estate, upon the sale ordered by him after the decease of his wife.

It is the province of the court, in the construction of a testamentary disposition of property, to effectuate the intention of the testator by giving that direction to the fund which, with all the light that may be cast upon the matter by the proofs, and from a fair reading and a reasonable interpretation of the writing, in all its parts, seems just. We may not make a will for him, nor thwart his manifest purpose; but if the will before us is equally susceptible of one or another interpretation, we should, on every principle of right, and within the spirit of all the authorities, give it that which is most equitable and consonant with the dictates of justice.

*In the Matter of Estate of Brown* (93 N. Y. 295), where the question was whether the testamentary provision cut off the issue of a son of a deceased daughter, where the testator had given to each of his daughters a life estate in his property "with remainder over to their respective children," RAPALLO, J., said, if the language of the clause "is capable of any construction which would permit the issue of the deceased son to participate in the remainder limited upon his mother's life estate, that construction should, on well settled principles, be adopted in preference to one which should exclude them."

Chancellor KENT says, in his Commentaries (vol. 4, p. 419n): "Children, as well as issue, may stand, in a collective sense, for grandchildren, where the justice or reason of the case requires it." The word "children" is a flexible expression, and we think that meaning should be preferred, when the reason of the thing sustains it, which permits the children of a deceased child to inherit. (1 Jarman on Wills, 404; *Earl of Tyrone* v. *Marquis of Waterford*, 1 De Gex, F. & J. 613; *Hodges* v. *Middleton*, 2 Doug. 431; *Doe* v. *Webber*, 1 Barn. & Ald. 713; *Prowitt* v. *Rodman*, 37 N. Y. 42; *Scott* v. *Guernsey*, 48 id. 106; *Low* v. *Harmony*, 72 id. 408.)

In determining, in a given case, the meaning to be attached to the expression in a will of " children," we may resort to the context to see if the testator has, by his use of language, or by other provisions of the will, made it a flexible term, or whether its primary meaning attaches strictly. The other clauses, which we have quoted from, would be sufficient warrant to give to the clauses under consideration the wider and juster sense, which will include the children of a deceased son or daughter as participants in the fund arising from the sale of the estate. It seems to us that the word " or," in the sentence in question here, implies a substitution, in case of the predecease of sons or daughters, of their surviving children. When the testator directs a division " equally among the children he may then have, or those who may be legally entitled thereto," he must be regarded as contemplating the possibility of there being other children entitled to share than his immediate offspring. The word " those" must refer to children, in order to have a meaning, and refers to the children or issue of his sons and daughters. By the force of these provisions, the issue of a deceased child of testator is substituted for the child, and that share in the estate would be distributed among such issue *per stirpes.*

Thus, when we consider the testator's intention as to the future distributees of his estate, with the aid of the context and with the interpretation furnished by him in the provisions of other clauses, there seems to exist no doubt that the children of his deceased son are comprehended in his scheme for the division.

As to the claim of the widow of the deceased son of testator to share in the proceeds, we agree with the General Term that she had none. These grandchildren derived their right to the fund under testator's will and not through their deceased father.

On the proceeding before the surrogate the claim of John B. Kurst, as administrator with the will annexed, to commissions was rejected. The ground of the rejection was that the accounting was by Paton as the trustee appointed to carry the will into effect upon the death of the testator's

wife, and related to the proceeds of the sale made by him of the real estate, and the question of the right of the administrator to commissions was reserved, until his accounting as such administrator. We are unable to find any basis for his claim for commissions in this record, and there is nothing for us to pass upon in that respect. That must be the subject of any further proceedings below.

The judgment of the General Term should be affirmed and the matter remitted to the Surrogate's Court to be proceeded with in conformity therewith. Under the circumstances no costs of the appeal are allowed.

All concur.

Judgment accordingly.