ROBERT H. SHANNON AND ANOTHER, RESPONDENTS, *v.* JOHN H. PICKELL AND OTHERS, APPELLANTS, IMPLEADED, ETC.

*Will — a gift of the residue to the children of the testator's sister does not cover the case of a grandchild of the sister.*

A testator, by his will, provided as follows: " I further order and direct that, after the decease of my mother and sister Shannon and my wife, Nancy G. Pickell, the remainder of my estate, should there be any, it shall be divided among the children of my sister Shannon and the children of my brother, John Pickell, according to the discretion and judgment of my wife, Nancy G. Pickell, as she shall direct."

The power of appointment given to Nancy G. Pickell was not executed by her. At the time of the death of the testator one of the children of the testator's sister Shannon had died, leaving her surviving a child then living.

*Held,* that, under the provisions of the will, such grandchild of Mrs. Shannon took no interest in the estate.

APPEAL by certain of the defendants from an interlocutory judgment in an action for the partition of real property, entered in favor of the plaintiffs in the office of the clerk of Livingston county on the 14th day of August, 1888, and also from an order made in said action on June 26, 1888, by which it was referred to Oscar Craig, Esq., to ascertain the value of certain contingent dower rights, and to state the form of final judgment, and determine the amount of certain net rents and profits, with interest added, which last-mentioned order was entered in said clerk's office on the 14th day of August, 1888.

The action was brought for the partition of lands, and by the interlocutory judgment therein it was determined that the plaintiffs, together with all the other respondents, were tenants in common of the premises, deriving their title under the last will and testament of William H. Pickell, who died, as it was claimed by the plaintiffs, and a part of the defendants, the owner thereof in fee simple, which was denied by the appellants, who claimed title thereto as the heirs-at-law of John Pickell, who was a brother of the said testator. At the time of his death William H. Pickell was in possession of the premises claiming title thereto. By his last will and testament, made on the 4th day of August, 1859, he devised to his wife Nancy G. Pickell, a life estate in the premises, and directed that his mother should have support and maintenance during her lifetime, and directed that his executors carry out that provision of his will. The sixth and last clause of the will is as follows : " I further order and direct that after the decease of my mother and sister Shannon, and my wife Nancy G. Pickell, the remainder of my estate (should there be any) it shall be divided among the children of my sister Shannon and the children of my brother John Pickell, according to the discretion and judgment of my wife Nancy G. Pickell, as she shall direct." The said Nancy G. Pickell and two other persons were appointed executors, all of whom were dead at the time of the commencement of this action. In her lifetime, and in September, 1863, the said Nancy G. Pickell, by an instrument in writing and under seal, which recited that the same was made in pursuance of a power given to her by the will of William G. Pickell, to dispose of said lands according to her discretion, conveyed the premises to John Pickell, the father of the appellants. The mother of the testator and his sister Shannon also died before

the commencement of this action, the said Nancy G. never having, in any other form or manner whatever, executed, or attempted to execute, the power vested in her by the will. All the parties to the suit were either the children of Mrs. Shannon or of John Pickell, except the defendant, Sarah J. Mead, who was a grand-daughter of Mrs. Shannon, and her mother died in the lifetime of the testator and before the making of the will. By the decree each party to the action, including Sarah J. Mead, were allotted the undivided one-fourteenth part of the premises. The complaint alleged that Sarah J. Mead was entitled to the undivided one-fourteenth part of the premises, and she appeared and admitted that her share or interest in the premises was correctly set forth in the complaint, and submitted her rights to the protection of the court. The appellants in their answer deny that she had any rights therein.

*John A. Vanderlip*, for the appellants.

*E. F. Bullard*, for the respondents.

*A. J. Abbott*, for the defendants Brown et al.

BARKER, P. J.:

On the former appeal in this action, it was held that the disputes between the parties to this action as to their rights and interests in the premises could be litigated and determined and a decree for partition entered under the provision of section 1543 of the Code of Civil Procedure. (See 2 N. Y. St. Rep., 160.) It was also determined that the conveyance of the premises by the trustee of the power, Nancy G Pickell, to John Pickell was unauthorized and invalid, and that the power remained unexecuted at the time of her death and vested in this court, to be executed under its direction, as provided by the provisions of the Revised Statutes. (1 R. S., 734, §§ 99, 100, marg. p.) On the last trial, as well as the first, the question was litigated whether the title to the lands was vested in the testator or his brother John Pickell, the father of the appellants.

We think the fair preponderance of the evidence is in support of the conclusion of the referee that William H. Pickell, the testator, was the owner of the fee, and that all the equities which John H.

Pickell had at one time in the premises had been extinguished. We are also of the opinion that none of the exceptions to the reception or rejection of evidence were well taken. This brings us to the consideration of the only other question that merits attention, which is, whether the defendant Sarah J. Mead is designated in the will as one of the persons whom the donee of the power might designate to take the whole or any part of the remainder after the termination of the life estate of Nancy G. Pickell, the widow of the testator, as provided in the sixth clause of the will? This question was not presented for consideration on the former appeal, nor does it appear by the records now before us that the attention of the learned referee was directed to the point, but the exceptions are broad enough to raise the question, and it has been discussed in the written argument presented by the learned counsel for the appellants. The trustee of the power having died, leaving the power unexecuted, the statute provides that its execution shall be decreed by a court of equity for the benefit equally of all persons designated as objects of the trust. (R. S., part 2, chap. 1, tit. 2, §§ 99, 100.) Mrs. Mead is a grandchild of Mrs. Shannon, and her mother, Mrs. Searls, died in the lifetime of the testator and before he made his will. If Mrs. Mead is included in the word children, as the same is used in the sixth clause of the will, to designate the class of persons to whom the trustee might convey the premises after the termination of the life estate, then the decree declaring that she is interested in the premises equally with the other parties to the record is correct, otherwise she has no estate therein. The word children, in common parlance, does not include grandchildren or any other persons other than the immediate descendants in the first degree of the person named as the ancestor; but it may include other persons where it appears that there were no persons in existence who would answer to the description of children in the primary sense of the word at the time of making the will, or whether there could not be any such at the time or in the event contemplated by the testator, or whether the testator has clearly shown by the use of other words that he used the word children as synonymous with descendants or issue to designate or include legitimate offspring, grandchildren or step-children. (*Mowatt* v. *Carow*, 7 Paige, 328; *Palmer* v. *Horn*, 84 N. Y., 516; *Magaw* v. *Field*, 48 id., 668).

In the case last cited, the testator devised to the children of one Magaw, then deceased, a certain parcel of land, to have and hold the same to their said children, their heirs and assigns forever. At the time of the execution of the will there were seven children of the said Magaw living. All had died but two before the testator's death. The two living claimed the whole estate, and it was held that the devise was to a class, and only the surviving children took under it. (*Sherman* v. *Sherman*, 3 Barb., 385; *Cromer* v. *Pinckney*, 3 Barb. Ch., 466; *Tier* v. *Pennell*, 1 Edw. Ch., 354.)

All the cases hold that the word "children," in its primary and ordinary sense, means the immedate, legitimate descendants of the persons named. And where there is nothing to show that the testator intended to use it in a different sense, it will not be held to include grandchildren. There is nothing in the contents of the will which suggests the thought that the testator had in mind his grand-daughter, Sarah J. Mead, whose mother was dead when he executed the will. The remainder of the estate in the premises was given in terms to the children of his brother and sister, as a class, and they are entitled to the same in equal proportions, excluding all other persons.

The case of *Prowitt* v. *Rodman* (37 N. Y., 42), contains an elaborate discussion as to who are, and who are not, included in the word "children," when used in an instrument disposing of property, and is not at all in conflict with the rule which we have quoted from other decisions, and fully recognizes the same.

So much of the judgment as declared that Mary J. Mead is the owner of the undivided one-fourteenth part of the premises is reversed, and as to her, the complaint is dismissed, without costs as against her, and the judgment so modified that it will adjudge that the other parties to the suit are each entitled to the undivided one-thirteenth part of the premises, without costs of this appeal to either party.

DWIGHT and MACOMBER, JJ., concurred.

Judgment modified as indicated in the opinion of BARKER, P. J., and as modified affirmed, without costs to either party.