IN THE MATTER OF THE FINAL JUDICIAL ACCOUNTING OF EDWARD·
A. ROBINSON, AS SOLE SURVIVING EXECUTOR OF JAMES·
W. ROBINSON, DECEASED.

JAMES W. TODD AND OTHERS, APPELLANTS, *v.* HANNAH
M. STANTON AND OTHERS, RESPONDENTS.

*Will — when the word " children " therein will not be held to embrace grandchildren..*

A testator devised and bequeathed by his will certain real estate, furniture, etc.,
to his wife and two daughters, " to have and to hold, use and enjoy the same so·
long as my said wife shall live and remain my widow, and as soon as practicable,
after the death or remarriage of my said wife, I direct my executors to sell the·
said house and lot, furniture and fixtures, and the proceeds thereof I give,
devise and bequeath unto my children then surviving, to be equally divided
among them share and share alike."

The widow subsequently died, and prior to her death, and subsequent to the·
death of the testator, two of his children died leaving children; these grand-
children of the testator claimed to be entitled to a share of said estate on the death
of the widow, and to be comprehended within the word " children " as used in
the will.

*Held*, that the word "children" would not be extended so as to include grand-
children, unless without such extension the obvious intention of the testator
could not be carried into effect, and that a strong case of intention or neces-
sary implication must exist to authorize such a construction of the meaning of·
the word.

That the circumstances of this case did not justify such a construction.

APPEAL by James W. Todd and others from so much of the·
decree of the Surrogate's Court of the county of Westchester, dated
on the 17th day of January, 1890, as authorized and directed the·
executor, Edward A. Robinson, to pay and distribute the balance in
his hands, $6,812.44, in three equal shares, to Edward A. Robinson,.
Hannah M. Stanton and Emma P. Robinson, which decree was.
filed in the office of the surrogate of the county of Westchester on.
the 31st day of January, 1890.

· *Herbert F. Andrews*, for the appellants.

*Samuel Watson*, for the respondents.

DYKMAN, J. :

This is an appeal from the decree of the surrogate for the final
distribution of the proceeds of the property of the deceased, and the·

·question presented for determination arises under the second clause ·of the will of James W. Robinson, deceased, which reads as follows:

"*Second.* I give, devise and bequeath the house and lot of land on State street, in the village of Sing Sing, where I now reside, and all the furniture and fixtures therein to my wife Hannah and my daughters Emma R. and Angeline B., to have and to hold, use and ·enjoy the same so long as my said wife shall live and remain my widow, and, as soon as practicable after the death or remarriage ·of my said wife, I direct my executors to sell the said house and lot, furniture and fixtures, and the proceeds thereof I give, devise and bequeath unto my children then surviving, to be equally divided among them share and share alike."

The widow remained unmarried, and her life estate in the premises named was terminated by her death.

Previous to the death of the widow, and subsequent to the death of the testator, two of his children, William Henry Robinson and Mary J. Todd, died, leaving children who are the appellants before us on this appeal, and their insistence now is that they fall within the meaning of the term "children" as it was employed by the testator in the second clause of his will.

It is not always easy to discover the intention of a testator in the use of the word "children" in a last will and testament, and the uncertainty is produced by the flexibility of the term. In its primary and precise sense it stands for immediate offspring, and such is the ordinary sense in which it is properly used, yet it may with propriety be employed in an enlarged and collective signification, and so we read in the Holy Scriptures of the children of Israel who were the remote descendants of the patriarch Jacob.

In the construction of wills and devises the meaning of the word has sometimes been expanded so as to include grandchildren, when the obvious intention of the testator could not be effectuated without ,such extension, but such construction is not adopted without the requirement of a strong case of intention or necessary implication. Aside from that, the word is understood like all other words in its popular signification.

It is the province and object of courts, in the construction of wills, to ascertain and effectuate the intention of testators, and in this case such intention can be collected only from the fair reading

and interpretation of the instrument itself, as there are no extrinsic proofs. In such interpretation words are to be understood in the sense in which they are ordinarily employed, and in its popular as well as precise meaning the word "children" signifies offspring of the first degree; and if we assume such use of the word by the testator in this second clause of his will, the assumption will impute to him no intention of disinherison, for the part of his will in which it is employed relates to a portion of his property only. The bulk of his estate was given to his children by the fourth clause of his will, so that while we are at liberty to resort to the context of the will to assist us to determine the sense in which the word was employed by the testator, we yet obtain no light from that quarter.

The question then recurs, can the appellants, the grandchildren of the testator, participate in the remainder in this real estate limited upon the life estate of the testator's widow? The language is this: "I direct my executors to sell the said house and lot, furniture and fixtures and the proceeds thereof I give, devise and bequeath unto my children then surviving, to be equally divided among them, share and share alike;" and there is nothing in the structure of the devise to justify the extension of the signification of the word children beyond its proper meaning as denoting offspring in the first degree.

It would be a forced construction to interpret the meaning of the phrase "my children then surviving," so as to include grandchildren, and especially so when such construction would permit the grandchildren to share equally with children, which is quite unnatural. It is to be observed that in all the cases where the signification of the term children has been extended beyond its precise meaning the construction has been aided by the context of the instrument, which cannot, as we have seen, be invoked in this case.

Thus in the *Matter of Paton* (111 N. Y., 487), it was said in the opinion : "When the testator directs a division 'equally among the children he may then have or those who may be legally entitled thereto,' he must be regarded as contemplating the possibility of there being other children entitled to share than his immediate offspring. The word 'those' must refer to children in order to have a meaning and refers to the children or issue of his sons and daughters."

In the case of *Prowitt* v. *Rodman* (37 N. Y., 58), one of the propositions laid down by the Court of Appeals was "that the term 'children' may include issue however remote and will be held ,so to include whenever the reason of the thing demands it."

All of the reported cases and the elementary works are in harmony upon this question, and they all inculcate the same doctrine, that the intention of the testator, as collected from the entire will, must prevail in its construction. In obedience to such principle,,we think the intention of the testator in this case was plainly manifested, and that his children living at the death of his widow took the remainder in the house and lot, to the exclusion of his grandchildren.

The decree of the surrogate should, therefore, be affirmed, with costs to be paid by the appellants.

BARNARD, P. J., and PRATT, J., concurred.

Decree of surrogate affirmed, with costs to be paid by appellants.