(24 Misc. Rep. 133.)

## HOMER v. MUGRIDGE.

### (Supreme Court, Special Term, Wyoming County. June, 1898.)

WILLS—CONSTRUCTION—BENEFICIARIES.

Testator devised all his estate according to the statutes of descent and distribution. At the same time he created a trust, naming one of the executors as trustee, and directing him to use the avails of a certain note and money in bank to pay debts and funeral expenses, and to divide the residue equally among testator's children. He left surviving a widow, nine children, and three grandchildren, children of his deceased children. On a complaint to construe the will and the trust, it was not alleged who were the parents of such children. Held, that the trust and the will are

to be construed in harmony, and the complaint on demurrer will be aided by the inference that the grandchildren are children of three deceased children of testator, and not of one only, so that a distribution of equal shares to the children and grandchildren under the trust would be in accordance with the will.

Action by Bert A. Homer against Joseph Mugridge. Heard on demurrer to the complaint. Overruled.

Stern & Frye, for demurrant.
George W. Cothran, for plaintiff.

SPRING, J. On the 8th of March, 1897, George Mugridge executed his last will and testament, devising and bequeathing his property among his heirs at law and next of kin in accordance with the laws of descent and distribution in force in this state, and nominating two executors. On the same day he created a trust, naming Joseph Mugridge one of his executors as trustee, and directing him to use the avails of a certain note, and the money on deposit in the bank to his credit to pay his debts and funeral expenses, and the residue thereof to be divided equally among his children. The trustee accepted the trust, and, after paying the debts and funeral expenses, has a considerable sum in his possession awaiting distribution under the trust. Mugridge at his death left, him surviving, his widow, nine children, and three grandchildren, children of a deceased child or children of Mugridge, and this was the status of his family at the time of the execution of the will.

The canons of construction of wills and contemporaneous documents are well settled: (1) That construction will be given, where reasonably consistent, that prevents the disinheritance of those who by law would take in case of intestacy. In re Paton, 111 N. Y. 480, 18 N. E. 625; Soper v. Brown, 136 N. Y. 244, 32 N. E. 768; In re Brown, 93 N. Y. 295; Goodwin v. Coddington, 154 N. Y. 283–286, 48 N. E. 729. (2) And, in construing contemporaneous instruments, that interpretation will be favored which is in consonance with the will, rather than one nullifying any of its provisions.

These rules are somewhat arbitrary, and must bend to the all-controlling one that the intention of the testator or creator of the trust must control if it can be spelled out. In re Truslow, 140 N. Y. 599, 35 N. E. 955; Mullarky v. Sullivan, 136 N. Y. 227, 32 N. E. 762. In the case under consideration, the question is whether or not the testator intended in creating his trust to include his grandchildren among the beneficiaries of the trust estate. To ascertain the intent of the decedent, we must look at the context and surroundings. Under the will the grandchildren would take the shares of their respective parents. He appointed executors, and made a complete disposition of his property among his widow, heirs at law, and next of kin. We must endeavor to find some motive for the creation of the trust, and one as nearly in line with the will as may be consistent. The primary object of this trust may have been to provide a specific fund for the payment of his debts and funeral expenses. For some reason unknown to others, he evidently preferred that the cash on hand and the particular note mentioned should be applied

for these purposes rather than other securities which he may have owned. Again, the widow was to participate in his personal estate under the will, but in this residuum, after the paramount object of the trust had been fulfilled, she was cut off and distribution directed among his children. It is entirely plausible to assume he designed, therefore, in the creation of this trust, to set apart a definite fund to meet his debts and funeral expenses, and then to give his children a slight preference over his widow. The trust estate cannot be con-strued in entire harmony with the will on any basis. If the grand-children are excluded, it still further separates the trust from the will, for both the widow and grandchildren would then be unrecog-nized in the division of the fund held by the trustee. In close cases of construction like the present one, it takes but little to control. In the direction as to distribution of the residuary trust estate, the complaint avers the division is to be made equally among "my chil-dren," and again alleges the decedent left surviving grandchildren, who are simply designated as heirs at law. The complaint does not state who are the parents of these three grandchildren. If they are the descendants of three children of the creator of the trust estate, then the direction for equal distribution would be in consonance with the will. If, however, they represent only one or two of George Mug-ridge's deceased children, if they partake in the trust estate, it would be giving undue preference to these grandchildren and would be in hostility to the will. That single circumstance is likely to be the cogent factor in the interpretation of these two instruments. The question now arises on a demurrer to the complaint, and every in-tendment must be indulged that will tend to sustain the complaint, and under its averments it is reasonable to infer these grandchildren are the descendants of three deceased children of the testator. As the matter is now presented, the demurrer must be overruled, although a different determination would probably result if the effect is to have these grandchildren preferred above the other next of kin.

The demurrer is overruled, with costs out of the trust estate, and with leave to answer in 20 days. Demurrer overruled, with costs, with leave to answer in 20 days.