CONSTRUCTION OF WILL—DETERMINATION OF WHO ARE BENEFICIARIES.

Testatrix directed that executor should hold the estate in trust for her son, and after his death to pay the remainder "to the child or children of my said son." The son died before his mother, leaving three children, one of whom died before testatrix, leaving surviving a son. *Held*, that such son was not entitled to a share in remainder.

Application in the estate of Eliza Sparks, deceased, to compel executor to account. Denied.

Frederick C. Steffen, for the motion.
Joseph Fitch, opposed.

VARNUM, S. The application herein was heard by Surrogate Arnold, and has now been submitted to me for decision. Decedent directed that a certain share of her estate be held in trust for her son William for life, and after his death the executors were directed to pay the remainder "to the child or children of my said son in equal

portions." William predeceased his mother, leaving, him surviving, three children, one of whom, a daughter, likewise predeceased the testatrix, leaving, her surviving, a son, the petitioner herein. It is contended, on a motion to compel the executor to account, that this great-grandson of the decedent is entitled to a share of the estate under the clause of the will above recited. The fact that the life tenant named in the will did not survive the testatrix does not affect the disposition of the matter (2 Rev. St. pt. 2, c. 6, tit. 1, § 52), and the only question before the court is the construction of the word "children," used by the decedent. This word, by its ordinary signification, is limited to the immediate offspring, and does not include grandchildren or remoter descendants. The legal construction accords with this popular meaning. 2 Jarm. Wills, 690 et seq.; Lytle v. Beveridge, 58 N. Y. 592, 605. It has been repeatedly held, however, that a broader meaning would be imparted to the term, so as to include the issue of deceased children, where, for example, it appears that there were no persons in being who could take as children, in the usual sense of the word, at the time of making the will,—as if the testator devised property to the children of one who is dead when the will is made, having only living grandchildren; or where the context of the will clearly shows that the testator used the word "children" to designate descendants; or where the will would remain inoperative if the enlarged meaning of the word were not applied. Shannon v. Pickell, 55 Hun, 127, 130, 8 N. Y. Supp. 584; Prowitt v. Rodman, 37 N. Y. 42. Furthermore, where the will is susceptible of two constructions, the court will prefer and adopt the one which does not exclude the issue of a deceased child. In re Brown, 93 N. Y. 295. None the less the intention of the testator must be clearly evinced, and the construction permitting the enlarged use of the word "children" will not be made unless justified by the language of the will; so that the "reason of the thing sustains it." Prowitt v. Rodman, supra; In re Paton, 111 N. Y. 480, 18 N. E. 625. As is said in the case of In re Robinson, 57 Hun, 395, 396, 10 N. Y. Supp. 697, "such construction is not adopted without the requirement of a strong case of intention or necessary implication." A careful perusal of the will herein utterly fails to disclose an intention of testatrix to include issue of deceased grandchildren among her possible beneficiaries. I do not find other sentences, phrases, or words used that will permit of such an implication. Besides, it appears that at the time of the making of the will the children of the son William were in existence, there and then constituting the class which the testatrix created by the expression "child or children." Such intention as can be inferred from the language of the will would certainly seem to indicate that the decedent used these words in their ordinary sense. Aside from this, however, and in view of the fact that the context gives rise to absolutely no inference to the contrary, it must be held that the provision in question excludes the petitioner from participating in the estate. Mowatt v. Carow, 7 Paige, 328; Palmer v. Horn, 84 N. Y. 516, 521; In re Potter, 71 Hun, 77, 24 N. Y. Supp. 586; In re Seebeck, 63 Hun, 179, 17 N. Y. Supp. 676; Kirk v. Cashman, 3 Dem. Sur. 242. The application must be denied.

Application denied.